*McMASTER vs. BECKWITH.*

**APPEAL FROM THE COURT OF THE PARISH AND CITY OF NEW ORLEANS.**

2L 329
107 69

If a slave be bought as a runaway, and is afterwards employed on a steam boat without permission from the owner, from which he absconds, the own-, er can only recover the price paid for the slave.

The defendant, master of a steam boat, without permis- sion from the plaintiff, employed his slave on a voyage from New Orleans to Louisville, Kentucky. At the latter place, the slave left the boat and became lost to the owner. Suit was brought, and damages laid at fifteen hundred dollars.

It appeared that the plaintiff bought the slave without guaranty, for the price of four hundred dollars, and that he was a runaway at the time of the sale. His services were shown to be worth from twenty-five to thirty dollars per month.

M'MASTER
*vs.*
BECKWITH.

The defendant attempted to show, that the plaintiff had been in the habit of permitting the slave to hire himself and act as his own master. This ground of defence being unsupported by the testimony, the plaintiff had judgment for eight hundred dollars, and the defendant appealed.

*Preston*, for appellant.

*Cenas*, for appellee.

*Martin, J.*, delivered the opinion of the court.

The defendant, master of a steam boat, is sued for having taken away the plaintiff's slave, as a hand on board of the defendant's boat, whereby he has been lost to his owner.

The defence, besides the general issue, is that the plaintiff allowed and permitted him to seek employment on board steam boats, going up the river.

There was judgment against the defendant, and he appealed.

The fact of the slave having been taken on board, on a trip to Kentucky, and of his leaving it there, is proven.— It is also shown, that the plaintiff, at times, hired his slave to masters of boats; and gave him, at other times, a written permission to look for employ that way—and we do not believe that the judge erred in concluding that these circumstances did not authorize the defendant to take the slave in his boat, unless an agreement was made with his owner, or a written permission had been produced. There was gross neglect on the part of the defendant; but the plaintiff's conduct had, perhaps, some tendency in leading the defendant into the error he fell in; although the latter cannot be protected under the principles established in the case of Morgan's syndics *vs.* Friveash. We believe the judge erred, in giving damages, besides the value of the slave. Neither was, in our opinion, that value to be fixed in a case in which the plaintiff had acted with prudence. Eight hundred dollars was given for the value of the slave and damages. It is shewn he is

If a slave be bought as a runaway and is afterwards employed on a steam boat without permission from the owner, from which he absconds, the owner can only recover the price paid for the slave.

addicted to running away, and was so when the plaintiff bought him ; under these circumstances, we think his recovery ought not to exceed what he paid for the negro.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be annulled, avoided and reversed, and that the plaintiff recover from the defendant the sum of four hundred dollars, with costs, below, and that he pay costs in this court.